IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| STEVIE ANDRE ROBERSON | § | |
| v. | § | CIVIL ACTION NO. 6:16cv104 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Stevie Andre Roberson, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Roberson was convicted of failure to register as a sex offender on August 1, 2013, receiving a sentence of 25 years in prison. He did not take a direct appeal, but filed a state habeas application on November 6, 2014. This application was denied without written order on June 24, 2015. Roberson signed his federal habeas corpus petition on February 23, 2016.

In his federal habeas petition, Roberson asserts that: (1) his conviction is unlawful because his rape conviction was discharged in 1986, several years before the registration statute was enacted; (2) requiring him to register as a sex offender violates the Ex Post Facto Clause; (3) requiring him to register as a sex offender and punishing him when he did not violates double jeopardy; (4)

requiring him to register as a sex offender and punishing him when he did not amounts to cruel and unusual punishment; and (5) he received ineffective assistance of counsel.

The Magistrate Judge determined that Roberson's petition may be barred by the statute of limitations and gave him an additional opportunity to explain why his petition should not be so barred. *See Day v. McDonough*, 547 U.S. 198, 210, 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376 (2006).[1] In response, Roberson argued that: (1) his conviction became final at the expiration of his time to seek certiorari from the U.S. Supreme Court, 90 days after he was convicted, making his petition timely; (2) he properly filed his state habeas petition, which is the proper means to seek an out of time appeal; (3) the state district court did not apply a limitations bar to his state habeas application and the Texas Court of Criminal Appeals denied his petition without written order, allowing the federal court to review his claims because the state court did not apply a procedural bar; (4) he is challenging a defect in his indictment and because indictments are jurisdictional, he can raise this issue at any time; and (5) an actual innocence or wrongful conviction habeas petition is not barred by limitations and his petition is "properly filed" under *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999).

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed as barred by limitations. The Magistrate Judge determined that Roberson's conviction became final when his time to appeal expired, which was on September 3, 2013. Although Roberson argued that he should have 90 days from the date of his conviction in which to

---

[1] The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) provides for a one-year statute of limitations in habeas corpus proceedings. As set out in 28 U.S.C. §2244(d), this one-year limitations period runs from the latest of the following: (1) the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which an impediment to filing created by state action in violation of the Constitution or laws of the United States is removed; (3) the date on which the constitutional right asserted was recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

seek certiorari, he cannot seek certiorari from the decision of a state trial court. The Fifth Circuit held that if a petitioner took a direct appeal of his conviction to the state court of last resort, the conviction becomes final on the conclusion of direct review or the expiration of the time for seeking such review, including the 90 days allowed for seeking certiorari from the Supreme Court. However, if the petitioner stopped his direct appeal before going to the state court of last resort, then the conviction becomes final when the time for seeking further direct review in state court expires. *Roberts v. Cockrell*, 319 F.3d 690, 693-94 (5th Cir. 2003).

Thus, if a habeas petitioner is convicted in the state trial court, files a direct appeal to the intermediate appellate court, and seeks discretionary review from the Texas Court of Criminal Appeals, his conviction becomes final when the U.S. Supreme Court denies certiorari or the time for seeking certiorari review from the Court of Criminal Appeals has expired. If the petitioner is convicted and does not take a direct appeal to the intermediate appeals court or does not seek discretionary review, his conviction becomes final when the time for taking the next step expires, and the petitioner cannot add the 90 days for seeking certiorari review. *See also Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).

The Magistrate Judge stated that because Roberson, like the petitioner in *Butler*, did not take a direct appeal to the state court of last resort, his conviction became final at the expiration of his time to appeal, on September 3, 2013, and his limitations period expired on September 3, 2014. The Magistrate Judge further observed that Roberson does not point to any state-created impediments preventing him from seeking habeas corpus relief in a timely manner, nor does he show that he is asserting a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Roberson also does not contend that he could not have discovered the factual bases of his claim in a timely manner.

Although Roberson did file a state habeas application, this application was filed on November 6, 2014, some two months after the limitations period expired. The Magistrate Judge

3

therefore stated that this application did not extend any portion of the limitations period. *Villegas*, 184 F.3d at 472.

Next, the Magistrate Judge determined that Roberson had not shown any basis for equitable tolling of the limitations period. Roberson offered no viable reason for the 14-month lapse in time between his conviction becoming final in September of 2013 and the filing of his state habeas application in November of 2014.

The Magistrate Judge also stated that Roberson failed to set out a credible showing of actual innocence. Such a showing requires the petitioner to demonstrate that in the light of newly discovered evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013); *Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2014).

In this case, the Magistrate Judge stated that Roberson argues that the retroactive application of the sex offender registration law to him violates the *Ex Post Facto* Clause, but the Supreme Court has held that such registration laws are non-punitive and thus do not violate the Clause. *Smith v. Doe*, 538 U.S. 84, 95-96, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003); *see also King v. McCraw*, 559 F.App'x 278, 2014 U.S. App. LEXIS 4400 (5th Cir. ); *Hayes v. Texas*, 370 F.App'x 508, 2010 U.S. App. LEXIS 5643, 2010 WL 1141631 (5th Cir., March 18, 2010).

Likewise, the Magistrate Judge stated that the Texas sex offender registration law does not violate double jeopardy because it does not inflict multiple punishments for the same offense. Because the law is non-punitive, it does not inflict cruel or unusual punishment. The Magistrate Judge determined that Roberson did not show any defect in the indictment sufficient to deprive the trial court of jurisdiction and the State of Texas does not have a limitations period for bringing habeas applications, so there was no procedural bar for the state courts to apply. While Roberson's state habeas application was "properly filed," it was filed outside of the limitations period and thus did not serve to toll any portion of that period. The Magistrate Judge therefore determined that

4

Roberson had not pointed to any basis upon which the limitations period could be tolled or avoided and concluded that the petition was barred by the statute of limitations.

**III. Roberson's Objections**

In his first set of objections, Roberson states that his claims are jurisdictional and no valid plea, waiver, jury verdict, or sentence exists as a matter of law. He cites *United States v. Peter*, 310 F.3d 709, 715 (11th Cir. 2002), in which the Eleventh Circuit held that a court is without jurisdiction to accept a guilty plea to a non-offense and when a court without jurisdiction convicts and sentences a defendant, the conviction and sentence are void from their inception and remain void long after a defendant has fully suffered their direct force.

However, the Supreme Court has held that defects in an indictment do not deprive a district court of power to adjudicate a case. *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). Although *Peter* sought to distinguish *Cotton*, the Fifth Circuit has stated that "we join the Tenth Circuit in holding that *Peter* was wrongly decided and cannot be squared with *Cotton*." *United States v. Scruggs*, 714 F.3d 258, 264 (5th Cir. 2013). Because Fifth Circuit precedent rejects *Peter*, that case affords Roberson no basis for relief.

This Court and others have held that a habeas petitioner cannot evade the statute of limitations by the simple expedient of arguing that his conviction or sentence is void. *Wilwant v. Stephens*, civil action no. 4:13cv276, 2013 U.S. Dist. LEXIS 89623, 2013 WL 3227656 (N.D.Tex., June 25, 2013); *Randall v. Director, TDCJ-CID*, civil action no. 2:07cv204, 2008 U.S. Dist. LEXIS 39835, 2008 WL 2128231 (E.D.Tex., May 16, 2008), *citing Nortensen v. Reid*, 133 F.App'x 509, 2005 U.S. App. LEXIS 9860, 2005 WL 1253964 (10th Cir., May 27, 2005).

In any event, Roberson offers nothing to suggest that his conviction is void. He argues that the sex offender registration law is unconstitutional because it applies to convictions such as his which took place before the registration law was enacted. As the Magistrate Judge correctly determined, sex offender registration laws are non-punitive and therefore do not violate the *Ex Post Facto* Clause. *See Smith*, 538 U.S. at 91 (noting that "although convicted before the passage of the

Act, respondents are covered by it"); *King*, 559 F.App'x at 281 (stating that the Fifth Circuit has "repeatedly affirmed a district court's dismissal as frivolous the claim that the retroactive application of Texas law requiring sex offender registration and notification violates the *Ex Post Facto* Clause."

Roberson next asserts that the sex offender registration law only applies to persons convicted of a sex offense after September 1, 1970. He argues that this provision violates equal protection because it discriminates against persons like himself who were convicted after that date. This contention is raised for the first time in Roberson's objections to the Magistrate Judge's Report. The Fifth Circuit has stated that claims raised for the first time in objections to the Magistrate Judge's Report are not properly before the district court. *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001).

Even were these claims properly before the Court, they are without merit. The 1997 amendments to the Sex Offender Registration Statute, Tex. Crim. Pro. Art. 62.002, expanded the class of persons required to register to apply to those individuals who had a reportable conviction or adjudication occurred on or after September 1, 1970. *See* Act of June 1, 1997, 75th Leg., R.S., ch. 668 §§1, 11, 1997 Tex. Gen. Laws 2260-61, 2264. The fact that persons with convictions over 27 years old were not required to register does not render the statute unconstitutional even were this claim properly before the Court. *See Stauffer v. Gearhart*, 741 F.3d 574, 587 (5th Cir. 2014) (sex offenders are not a suspect classification); *Kadrmas v. Dickinson Public Schools*, 487 U.S. 450, 457, 108 S.Ct. 2481, 101 L.Ed.2d 399 (1988) (where a suspect classification is not involved, a statute will survive an equal protection attack so long as the challenged classification is rationally related to a legitimate governmental purpose).

Statutes subject to rational-basis review are accorded a strong presumption of validity and the burden is on the one attacking the statute to negate every conceivable basis which might support it, whether or not the basis has a foundation in the record. *Heller v. Doe*, 509 U.S. 312, 320-21, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993). Roberson has failed to overcome the presumption of validity attached to the Texas sex offender registration statute. Furthermore, he has not shown why an equal

protection challenge to his conviction is not barred by the statute of limitations. His objection on this point not properly before the Court and is without merit in any event.

Roberson argues that he is actually innocent because the statute is unconstitutional. No case has held that the Texas sex offender registration statute is unconstitutional, and Roberson makes no showing to this effect. *See Allen v. Dretke*, civil action no. 3:03cv2123, 2004 U.S. Dist. LEXIS 5308, 2004 WL 691233 (N.D.Tex., March 30, 2004) (observing that in *Connecticut Department of Public Safety v. Doe,* 538 U.S. 1, 7-8, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003), the Supreme Court held that Connecticut's sex offender law, which was "remarkably similar" to the law in Texas, was not unconstitutional).

As the Magistrate Judge correctly concluded, a viable claim of actual innocence so as to evade the statute of limitations requires a showing that in the light of newly discovered evidence, no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *McQuiggin*, 133 S.Ct. at 1928. The actual innocence exception applies only where the petitioner shows, as a factual matter, that he did not commit the crime of conviction. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). The Supreme Court has held that to be credible, a claim of actual innocence requires the petitioner to support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

Roberson has offered nothing to show that as a factual matter, he did not commit the offense which he is challenging in this petition. His objection regarding the actual innocence exception to the statute of limitations is without merit.

Roberson's contention that the Texas sex offender statute exceeds Congress' enumerated powers fails because the statute was not enacted by Congress. His assertions that the statute violates the Due Process Clause and the *Ex Post Facto* Clause have been rejected by the Fifth Circuit. *King*, 559 F.App'x at 281. Roberson's first set of objections are without merit.

In his second set of objections, Roberson argues that because the State of Texas lacked jurisdiction, there is no time bar as a matter of law. This is little more than a re-statement of his contention that the statute of limitations does not apply because the conviction is void. *See Willis v. Dretke*, civil action no. 3:03cv1284, 2005 U.S. Dist. LEXIS 210, 2005 WL 39053 (N.D.Tex., January 6, 2005) (petitioner is not entitled to equitable tolling of the statute of limitations based on an argument that the trial court lacked jurisdiction); *Henson v. Thaler*, civil action no. 4:12cv759, 2013 U.S. Dist. LEXIS 45534, 2013 WL 1286214 (N.D.Tex., March 8, 2013) (rejecting argument that limitations did not apply to the petitioner's case because his conviction was allegedly rendered void by a variance between the original complaint and the indictment). This objection is without merit.

After repeating his equal protection challenge, Roberson concedes that the Supreme Court has found sex offender registration statutes to be non-punitive. However, he contends that the provisions of the statute under which he was convicted, including failure to comply with change of address provisions, failure to comply with a visitation provision, and failure to comply with a change of status provision, resemble the punishment of imprisonment tantamount to an affirmative restraint. He also contends that requiring periodic in-person office visits to update his registry file and to be physically present during unannounced resident checks is a punitive measure forbidden by the *Ex Post Facto* Clause

In support of these arguments, Roberson cites to the appellate court decision which was reversed by the Supreme Court in *Smith*. While it may be true, as Roberson contends, that the Ninth Circuit held that the requirement of periodic updates imposed an affirmative disability and that the registration obligations were retributive, the reversal of the Ninth Circuit's decision by the Supreme Court wiped these holdings away and rendered them of no legal effect. Roberson's objections in this regard are without merit.

Roberson next argues that placing "affirmative disabilities" on him for a crime he discharged in 1986 amounts to double jeopardy as well as cruel and unusual punishment. These contentions lack merit because the Texas sex offender registration statute is a civil rather than a criminal statute and is not punitive in nature. *Creekmore v. Attorney General of Texas*, 341 F.Supp.2d 648, 659-60 (E.D.Tex. 2004) (rejecting claims that the Texas sex offender registration law is an *ex post facto* law, a bill of attainder, cruel and unusual punishment, and double jeopardy because the law is civil and non-punitive). These objections are without merit.

Nor has Roberson set out any basis for equitable tolling of the statute of limitations. The statute of limitations may be equitably tolled in extraordinary circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1988). The habeas petitioner has the burden of establishing that equitable tolling is warranted. *Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007). To accomplish this, the petitioner must show that he has been pursuing his rights diligently but some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010). Such circumstances as ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, incarceration prior to the passage of the AEDPA, illiteracy, deafness, and lack of legal training have been held insufficient to justify equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

In this case, over one year and two months elapsed between the time Roberson's conviction became final and the filing of his state habeas corpus application. Such a lapse of time plainly does not bespeak reasonable diligence. *See Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013); *accord*, *Nelms v. Johnson*, 51 F.App'x 482, 2002 U.S. App. LEXIS 21827, 2002 WL 31319277 (5th Cir., September 30, 2002) (stating that "this court has found no case in which equitable tolling was granted after a petitioner had let ten months of the AEDPA limitations period slip by.") Roberson has not met his burden of showing entitlement to equitable tolling. His objections are without merit.

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 12) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Stevie Andre Roberson is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **13** day of **June, 2017.**

_____
Ron Clark, United States District Judge